IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ANDRE BENTLEY<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>LUBIN LOGISTICS COMPANY,<br><br>Defendant. | CIVIL ACTION NO.<br>1:24-cv-01911-JPB-LTW |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991. The Commission's Complaint and Plaintiff-Intervenor Andre Bentley's Complaint in Intervention alleged that Defendant Lubin Logistics Company ("Defendant") discriminated and retaliated against Plaintiff-Intervenor when it terminated his employment because of his disability and his request for an accommodation related to his disability.

The Commission, Plaintiff-Intervenor, and Defendant (collectively "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint and Complaint in Intervention without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, and successors of Defendant; and (5) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. **Nondiscrimination.** Defendant shall not engage in any employment practices which discriminate because of disability; record of disability; or any actual

or perceived physical or mental impairment, whether or not such impairment limits or is perceived to limit a major life activity.

2. **No Retaliation.** Defendant shall not retaliate against any person because of their opposition to any practice made unlawful under the ADA or any other statute enforced by the EEOC, or because of the filing of a charge of discrimination, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under any statute or regulation enforced by the EEOC.

3. **Payment.** Defendant shall pay Plaintiff-Intervenor a total amount of $20,000.00 in settlement of the claims raised in this action. Payment shall be made within thirty (30) calendar days of the Court's approval of this Consent Decree. Defendant shall send the settlement check(s) to Plaintiff-Intervenor's counsel via overnight delivery at The Kirby G. Smith Law Firm, LLC: 4488 North Shallowford Road, Suite 105, Atlanta, GA 30338. Defendant shall send to the Commission a copy of the checks and the tracking number of each envelope containing the settlement checks to Plaintiff-Intervenor.

Neither the Commission nor Defendant shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or

costs that Plaintiff-Intervenor may incur on such payment under local, state and/or federal law.

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

    a. Within ten (10) business days of the signing of this agreement, Defendant agrees to provide to the EEOC (1) the Respondents/Employers' EIN(s) and (2) the individual and physical address(es) to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual(s) must be an employee of Defendant.

    b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

    c. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

    d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

    e. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

4. **Nonpayment of Settlement Funds.** If Plaintiff-Intervenor does not receive the payments described in paragraph 3 above by the due date set forth therein due to a failure on the part of Defendant to properly transmit the same, Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs caused by non-compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

5. **Elimination from Personnel Records.** Within thirty (30) calendar days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records and personnel file of Plaintiff-Intervenor any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2022-03971, to include any documents related to: any medical incident or medical leave of absence occurring on or after November 26, 2021; any counseling or discipline occurring on or after November 26, 2021; Plaintiff-Intervenor's discharge from employment; and any related events that occurred thereafter, including the filing of his EEOC Charge and this litigation. Within thirty (30) calendar days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

6.     **ADA Policy.** Defendant shall revise any employee handbook distributed to staff for the purposes of explaining the terms, conditions, and privileges of their employment, to include an ADA Compliance Policy (the "Policy") consistent with this Consent Decree. A copy of the Policy is attached hereto as **Exhibit A**. Copies of the Policy shall be disseminated to all of Defendant's employees within sixty (60) days of the Court's entry of this Consent Decree, and shall be available and accessible to all employees in the same manner as any employee handbook or workplace policy maintained by Defendant. New employees shall receive a copy of the Policy on or before their first day of work. Within sixty (60) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

7.     **Training.** During the term of this Consent Decree, Defendant shall provide an annual, mandatory training program to James Padden and to all managers, supervisors, and employees empowered to hire, terminate, promote, discipline, assign shifts or responsibilities to, set pay rates for, or otherwise supervise, any other person. Each training program shall include, at minimum: (a) an explanation of the ADA Policy referenced in paragraph 6 above; and (b) a description of the ADA, the types of conduct or policies that constitute discrimination because of disability, and the laws protecting employees from disability discrimination.

The first training program shall be completed within one hundred twenty (120) days of the entry of this Consent Decree. Each subsequent training program shall be conducted at approximately one-year intervals thereafter. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. **Notice Posting.** Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked **Exhibit B**, hereby made a part of this Consent Decree, in each of its facilities in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within ten (10) business days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. **Defendant's Contact.** All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Conway Eader, LLLP at 50 Hurt Plaza SE, Suite 1142, Atlanta, GA, 30303. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant's shall notify the Commission and provide contact information for a new designated point of contact within fourteen (14) calendar days of the change.

10. **Reporting.** During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

   a. the identities of all individuals who have reported any incidents of disability discrimination, including each person's name, address, telephone number, and position title;

   b. for each individual identified in 10.a above, explain what actions were taken by Defendant in response to the individual's report;

   c. for each individual identified in 10.a above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

    d. for each individual whose employment status has changed as identified in 10.c. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 10.a. within five (5) calendar days of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. **Communication to the Commission.** All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) [EEOC-ATDO-decree-monitoring@eeoc.gov](mailto:EEOC-ATDO-decree-monitoring@eeoc.gov); or (2) by regular mail to:

<div align="center">

Marcus G. Keegan
Regional Attorney
U.S. Equal Employment Opportunity Commission
Sam Nunn Atlanta Federal Center
100 Alabama Street, SW
Suite 4R30
Atlanta, GA 30303

</div>

12. **Compliance Review.** The Commission may review compliance with this Consent Decree. As part of such review, the Commission may, with twenty-four (24) hours advanced notice, inspect Defendant's premises for compliance and

examine and request copies of documents relevant to Defendant's compliance under this Consent Decree.

13. **Noncompliance.** If at any time during the term of this Consent Decree the Commission believes that Defendant is in violation of its terms, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty-one (21) calendar days in which to investigate and provide written response to the allegations. Thereafter, the Parties shall have a period of twenty-one (21) calendar days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. **Duration.** This Consent Decree shall be in effect for a period of two (2) years from its entry by the Court.

15. **Court Retains Jurisdiction.** This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary and appropriate.

16. **Costs and Fees.** Except as provided herein, each party shall bear its own costs and attorney's fees.

 

<div style="display:flex;justify-content:space-between;">

__December 19, 2024__
Date

_____
J. P. BOULEE
UNITED STATES DISTRICT JUDGE

</div>

The Parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | LUBIN LOGISTICS COMPANY |
| KARLA GILBRIDE<br>General Counsel | */s/ Granison E. Eader*<br>Granison E. Eader<br>Conway Eader LLLP<br>50 Hurt Plz SE<br>Suite 1142<br>Atlanta, GA 30303<br>Telephone: (470) 745-2640<br>ted@conwayeader.com |
| CHRISTOPHER LAGE<br>Deputy General Counsel | |
| MARCUS KEEGAN<br>Regional Attorney | *Counsel for Defendant* |
| LAKISHA DUCKETT ZIMBABWE<br>Assistant Regional Attorney | |
| ROBYN M. FLEGAL<br>Supervisory Trial Attorney | |
| */s/ Fahad A. Khan*<br>Fahad A. Khan<br>Trial Attorney<br>Georgia Bar No. 442892<br>fahad.khan@eeoc.gov | |
| U.S. Equal Employment Opportunity Commission<br>Atlanta District Office<br>100 Alabama St. SW, Suite 4R30<br>Telephone: (470) 531-4811<br>Facsimile: (404) 562-6905 | |
| *Counsel for Plaintiff* | |

12

ANDRE BENTLEY

*/s/ Benjamin Hill, Esq.*

Benjamin Hill, Esq.
Georgia Bar No. 580903
bkh@kirbygsmith.com
4488 North Shallowford Road, Suite 105
Atlanta, Georgia 30338
Telephone: 404-491-9910
Facsimile: 877-352-6253

Amanda M. Brookhuis, Esq.
Georgia Bar No. 601396
amb@kirbygsmith.com
4488 North Shallowford Road, Suite 105
Atlanta, Georgia 30338
Telephone: 844-454-7529
Facsimile: 877-352-6253

Kirby G. Smith, Esq.
Georgia Bar No. 250119
kgs@kirbygsmith.com
4488 North Shallowford Road, Suite 105
Atlanta, Georgia 30338
Telephone: 404-490-2751
Facsimile: 877-352-6253

*Counsel for Plaintiff-Intervenor*

# EXHIBIT A

## AMERICANS WITH DISABILITIES ACT COMPLIANCE

Lubin Logistics Company ("Lubin") is committed to respecting the rights of its employees under the Americans with Disabilities Act of 1990 ("ADA"), as amended. The ADA prohibits discrimination against any qualified individual with an actual or perceived disability with regard to any term, condition, or privilege of employment. The ADA also requires employers such as Lubin to reasonably accommodate a qualified individual with a disability to enable their participation in the job application process, to perform the essential functions of employment, or to otherwise enjoy the benefits of employment in a manner equal to individuals without disabilities. Employers such as Lubin are also prohibited from retaliating against any individual who assert their rights under the ADA, such as by requesting a reasonable accommodation.

Lubin will ensure that all individuals are protected from unlawful disability discrimination. Any employee seeking a reasonable accommodation for a disability may do so by contacting any supervisor or human resources employee. Any applicant for employment seeking a reasonable accommodation may do so by noting their request in their application for employment or by notifying any Lubin employee who contacts them about their application for employment. Upon receiving any request for a reasonable accommodation, Lubin will engage in an interactive process with the requesting applicant or employee to determine whether any reasonable accommodation is available.

Additionally, in the event that Lubin seeks to take any tangible employment action (including, but not limited to, termination, demotion, reassignment, or refusal to promote or hire) against any applicant or employee based in any part upon a belief that a mental or physical impairment would prevent their performance of an essential job function, Lubin will provide such applicant or employee with a written statement (a "Notice") notifying them of the proposed tangible employment action and detailing the precise essential job functions it contends would be impeded by the applicant or employee's mental or physical impairment(s).

Lubin will not effectuate the proposed tangible employment action for a period of eight (8) business days after the employee's receipt of the Notice. Any applicant or employee receiving such a Notice shall be entitled to respond to the issuing official, verbally or in writing, within five (5) business days of receipt. In addition to disputing Lubin's conclusion that they are incapable of performing an essential job

function, a responding applicant or employee may request that Lubin provide a reasonable accommodation that would enable them to perform the essential job function at issue. Should the responding applicant or employee request such an accommodation, Lubin will engage in an interactive process with them to determine the feasibility of the requested accommodation and the availability of an alternative accommodation. In the event that Lubin concludes that no reasonable accommodation is available, it will provide the applicant or employee written notice of its conclusion prior to the effectuation of the proposed tangible employment action.

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| ANDRE BENTLEY | |
| Plaintiff-Intervenor, | |
| v. | CIVIL ACTION NO. 1:24-cv-01911-JPB-LTW |
| LUBIN LOGISTICS COMPANY, | |
| Defendant. | |

**EMPLOYEE NOTICE**

1.   This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission, Andre Bentley, and Lubin Logistics Company ("Lubin"), in a case alleging discrimination on the basis of disability. Specifically, the U.S. Equal Employment Opportunity Commission alleged that Lubin unlawfully terminated and retaliated against an employee because of his disability and request for accommodation related to his disability. As part of the settlement, Lubin agreed to pay monetary damages to the employee and to take other actions set out in the Consent Decree resolving this matter.

2.   Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex (including gender status, sexual orientation, and pregnancy), national origin, age (40 or older), genetic information, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their

rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3.      Lubin will comply with such federal law in all respects. Furthermore, Lubin will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4.      An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

<div style="text-align:center">

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

</div>

5.      This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2026.